UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RUPERTO VICENS-MARQUEZ,** | Civil Action No. 25-16906 (KSH) |
| Petitioner, | |
| v. | ORDER |
| **LUIS SOTO, et al.,** | |
| Respondents. | |

Petitioner Ruperto Vincens-Marquez has filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention without an individualized bond hearing. Petitioner alleges that he entered the United States at the Arizona-Mexico border in 2007 and has continuously resided in the United States since that time. (ECF No. 1, Petition at ¶ 1.) He was arrested on October 17, 2025, on his way to work, and detained at Delaney Hall in Newark, New Jersey. (*Id.* at ¶¶ 2-3.) Petitioner alleges that he has filed applications for asylum and cancellation of removal and that his final individual merits hearing is scheduled before the immigration court on May 25, 2028. (*Id.* at ¶¶ 4-6.) Petitioner further alleges that his only criminal history is a 2010 conviction for disorderly conduct. (*Id.* at ¶ 10.)

The Petition contends that DHS has implemented a nationwide policy that subjects noncitizens who entered the United States without admission or inspection to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and renders them ineligible for release on bond; the Board of Immigration Appeals also recently adopted this position in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.* at ¶¶ 9, 18.)

Petitioner has filed a motion captioned "An Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" and requested, among other relief, that the Court temporarily enjoin the government from transferring him out of this District or removing him from the United States while this matter is pending. (ECF No. 3.) Petitioner alleges that on October 23, 2025, he was notified by security officers at Delaney Hall that he would be transferred out of Delaney Hall without the opportunity for a bond hearing. (Petition at ¶ 8.) Pursuant to its authority under the All Writs Act, the Court entered an Order on October 24, 2025, enjoining Petitioner's transfer pending further Order of the Court. Therefore, the Court need not address the request for a TRO or PI enjoining Petitioner's transfer and dismisses it as moot.[1]

The motion for an OTSC appears to rely on 28 U.S.C. § 2243 and asks the Court to order Respondents to file their response within three days. (ECF No. 2 at 2.) Section 2243 states that "the writ . . . shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." Multiple courts in this District have found that Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rules"), provides the Court with more flexible time limits for ordering an answer and supersedes the time limits of 28 U.S.C. § 2243 to the extent there is a conflict.[2] *See Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017); *Capozzi v. Fed. Bureau*

---

[1] The submission also does not address the relevant standard for granting a TRO or PI motion.

[2] Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). And "[w]here a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947).

*of Prisons*, No. 21-19533, 2021 WL 5881587, at *1 (D.N.J. Dec. 13, 2021); *Schumaker v. Knight*, 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024). Accordingly, the Court will grant the motion for an OTSC but sets a different schedule for further submissions.

    **THEREFORE**, it is on this 30th day of October 2025,

    **ORDERED** that the Court's prior Order (ECF No. 4) enjoining Respondents from transferring Petitioner from Delaney Hall remains in effect until further order of the Court; and it is further

    **ORDERED** that the request for a TRO or PI to prevent Petitioner's transfer or removal is dismissed as moot;

    **ORDERED** that by Friday October 31, 2025 at 3 p.m., Respondents shall confirm in writing on the docket that DHS/ICE has been notified of the Court's Order (ECF No. 4) staying Petitioner's transfer or removal and that Petitioner is still detained at Delaney Hall; and it is further

    **ORDERED** that the request for an OTSC under § 2243 (ECF No. 3) is otherwise denied **WITHOUT PREJUDICE** in light of the Court's Order directing the government to answer the Petition under the Habeas Rules; and it is further

    **ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

    **ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that within 14 days, or no later than November 13, 2025, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; and it is further

**ORDERED** that Respondent shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 7 days after the answer is filed, or no later than November 20, 2025; it is further

5

**ORDERED** that, within 7 days after any change in Petitioner's custody or immigration status (be it release, transfer, or otherwise) <u>at any time during the pendency of this case</u>, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

<u>s/Katharine S. Hayden</u><br>
Katharine S. Hayden, U.S.D.J.