UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RUPERTO VICENS-MARQUEZ,** | Civil Action No. 25-16906 (KSH) |
| Petitioner, | |
| v. | **MEMORANDUM & ORDER** |
| **LUIS SOTO, et al.,** | |
| Respondents. | |

     This matter comes before the Court on Petitioner Ruperto Vicens-Marquez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by immigration authorities without an individualized bond hearing. Petitioner entered the United States at the Arizona-Mexico border in 2007 and has continuously resided in the United States since that time. (ECF No. 1, Petition at ¶ 1.) On October 17, 2025, while he was on his way to work, he was arrested and detained at Delaney Hall in Newark, New Jersey. (*Id.* at ¶¶ 2-3.) He has filed applications for asylum and cancellation of removal, and his final individual merits hearing is scheduled before the immigration court on May 25, 2028. (*Id.* at ¶¶ 4-6.) His only criminal history is a 2010 conviction for disorderly conduct (*id.* at ¶ 10), which, according to his attorneys, may have been downgraded further.

     The Petition contends that DHS has implemented a nationwide policy that subjects noncitizens who entered the United States without admission or inspection to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and renders them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.* at ¶¶ 9, 18.) This Court, however, recently rejected that

interpretation of 8 U.S.C. § 1225(b)(2)(A) in *Rivera-Zumba v. Bondi*, Civ. No. 25-cv-14626, 2025 WL 2753496, at *7-9 (D.N.J. Sept. 26, 2025) (holding that the plain language of 8 U.S.C. § 1225(b)(2)(A) did not apply to the petitioner, who had entered the United States without admission or inspection in 2002 and resided in the United States since then). Accordingly, the Court held that Rivera-Zumba, who is similarly situated to Petitioner, could only be discretionarily detained under 8 U.S.C. § 1226(a), which provides for individualized bond hearings before an immigration judge who must assess flight risk and dangerousness. *See id.* at *6, *11.

Here, on October 24, Petitioner sought preliminary injunctive relief to enjoin his imminent transfer out of this District. (ECF No. 3.) Pursuant to its authority under the All Writs Act, the Court entered a stay, which temporarily enjoined Respondents from transferring Petitioner from Delaney Hall, and set a schedule for further submissions. (ECF Nos. 4-5.) The Court required Respondents to confirm in writing by October 31 that DHS/ICE had received the Court's Order staying Petitioner's transfer and that Petitioner was still detained at Delaney Hall. (ECF No. 5.)

Respondents failed to respond, and, on November 4, Petitioner's counsel filed a letter pointing out Respondents' omission. (ECF No. 6.) As well, in a lengthy exhibit, counsel's letter attached 45 letters of support for Petitioner from neighbors, employers, and community leaders. (*Id.* at Ex. A.) The overwhelming message from the letters was the extent and length of Petitioner's ties to his community.

The Court held a video conference on November 5, 2025. (ECF No. 14.) At that conference, Respondents acknowledged that their forthcoming response would rely on the same statutory arguments they made in *Rivera-Zumba*. Although Respondents contend that Petitioner

2

is lawfully detained under § 1225(b)(2)(A), they do not dispute the salient allegations in the Petition, namely that Petitioner entered the United States without inspection in 2007, has resided in the United States since that time, was arrested on October 17, 2025 within the interior of the United States, and has a very minor and distant criminal history. These undisputed facts show that Petitioner's detention is only authorized under 8 U.S.C. § 1226(a).

Therefore, based on this Court's analysis in *Rivera-Zumba* and in the interests of justice and judicial economy, the Court grants the habeas petition and finds that Petitioner may not be mandatorily detained under § 1225(b)(2)(A) and is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). Within 7 days, Respondents shall provide Petitioner with a bond hearing before an immigration judge who must conduct an individualized assessment of whether he presents a flight risk or danger to the community. Respondents shall report the outcome of that bond proceeding to the Court within 3 business days thereafter.

**THEREFORE**, it is on this 6th day of November 2025,

**ORDERED** that the Court **GRANTS** the habeas petition for the reasons stated in this Memorandum & Order; and it is further

**ORDERED** that within 7 days, Respondents shall provide Petitioner with an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) before an immigration judge who shall assess whether he presents a flight risk or a danger to the community; and it is further

**ORDERED** that, within 3 business days of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court.

*s/Katharine S. Hayden*
Katharine S. Hayden, U.S.D.J.